UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WALTER HEKALA<br>2810 Eldridge Ave.<br>Bellingham, WA 98225<br><br>    Plaintiff,<br><br> v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY<br>245 Murray Lane, S.W.<br>Washington, D.C. 20528-0075<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from plaintiff Walter Hekala ("Plaintiff") by defendant Department of Homeland Security ("DHS") and its component Customs and Border Protection ("CBP").

### I. Jurisdiction And Venue

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

### II. Parties

3. Plaintiff Walter Hekala is a United States citizen, residing in Bellingham, WA. Mr. Hekala was employed by U.S. Customs as a criminal investigator for 27 years prior to his retirement from Federal Service.

4.      Defendant DHS is a Department of the Executive Branch of the United States Government and includes component entity the CBP. DHS is an agency within the meaning of 5 U.S.C. § 552(f).

### III. U.S. Import Transactions And The CBP's Importer Trade Activity Database

5.      The Harmonized Commodity Description and Coding System ("HS") is the international standard maintained by the World Customs Organization for reporting goods to customs and other government agencies in more than 180 countries in addition to the United States. These numerical codes describe what is being shipped to and from countries across the globe and form the basis upon which all modern customs management systems operate. Importers and exporters are legally required to declare their products to customs using HS codes. A product's HS classification determines the rate of duty, its import and export admissibility, and whether or not it should be physically examined. Several countries, including the United States, require importers to report HS codes to customs before their products are loaded for export. In the United States, a signatory to the HS Convention, the descriptions and corresponding numeric identifiers are codified in the Harmonized Tariff Schedule of the United States.

6.      For each import transaction, the United States requires importers to submit a form that contains information about the product, including an HS classification declaration, to enable the CBP to properly assess duties, determine security risks, collect accurate statistics as well as to determine whether other applicable legal requirements are met. All of these import transaction forms are processed, aggregated, and stored in the CBP's Importer Trade Activity database referred to as "ITRAC."

## IV. Plaintiff's FOIA Request And The CBP's Failure To Respond

7.  Plaintiff served a FOIA request on the CBP by certified mail on November 29, 2011 requesting two subsets of data from the ITRAC database. Specifically, Plaintiff requested the CBP to first provide "a listing of all import transactions entered for the period of July 1, 2007 through September 30, 2007 in an electronic format as is routinely provided under the ITRAC, i.e., Importer Trade Activity provisions." Plaintiff additionally requested that the CBP, upon Plaintiff's confirmation of the first production, subsequently provide "[a] listing [of] all import transactions from October 1, 2007 to June 30, 2011."

8.  As a former U.S. Customs employee, Plaintiff is familiar with the ITRAC system and knows that ITRAC permits records to be searched and segregated easily and cost-effectively, which would avoid unnecessary and burdensome production of each individual declaration form. For a processing fee, CBP routinely provides importers and requestors who submit requests under FOIA import transaction data from the ITRAC database on a disc.

9.  Here, the request Plaintiff made is not for the whole ITRAC database, nor for myriad individual forms, but instead for a list in a standard electronic format that ITRAC commonly provides and that is routinely used by agency personnel.

10. The CBP sent Plaintiff a letter on November 29, 2011 acknowledging receipt of his FOIA request and asked him to resubmit the FOIA request along with a completed Form G-639 and documentation verifying his identity, address, and date of birth. The CBP's letter included the reference number "DIS-2-OT:FD:KL".

11. Though FOIA does not require a requestor to submit the requested materials and nothing on the CBP website informs requestors the materials are necessary, Plaintiff promptly submitted the additional requested materials, again via certified mail, on December 3, 2011.

12. Hearing nothing from CBP for nearly two months, Plaintiff sent the CBP a letter by certified mail on January 25, 2012 requesting a status update.

13. The CBP again did not respond to Plaintiff.

14. Frustrated by the CBP's unresponsiveness and inaction, Plaintiff turned to undersigned counsel for assistance, whereupon counsel attempted to assess the status of the FOIA request via the CBP's website. However, the reference number on the only communication Plaintiff received from the CBP – "DIS-2-OT:FD:KL" – was incompatible with the website's inquiry form.

15. Thereafter counsel attempted to reach the CBP by telephone on February 12, February 14, and March 7, 2013. On each occasion, counsel's call was forwarded to an answering service that stated all calls would be returned within 24 hours. And on each occasion, counsel left a message referencing Plaintiff's FOIA request and requested that the CBP contact counsel regarding the status of the request.

16. The CBP again did not respond.

17. Since March 7, 2013 counsel has continued trying to reach the CBP by telephone, however, as of June 14, 2013, the answering service no longer even accepts messages, telling callers the voice mailbox is full.

18. Left with no other option, on May 15, 2013, counsel sent a letter to the CBP outlining all of the earlier requests for status updates described above and asking the agency to contact counsel immediately concerning Plaintiff's FOIA request that had gone unanswered for 18 months.

19. Yet again, the CBP did not respond.

20. Hence, to date, the CBP has provided not a single record requested by Plaintiff in his FOIA request, notwithstanding the requirement under FOIA that an agency respond within twenty (20) working days.

21. As of June 14, 2013, 563 days have passed since Plaintiff served his FOIA request upon the CBP on November 29, 2011.

22. Plaintiff has exhausted the applicable administrative remedies with respect to his FOIA request to the CBP.

23. The CBP has wrongfully withheld the requested records from Plaintiff.

### V.  Requested Relief

WHEREFORE, Plaintiff prays that this Court:

A. Order the DHS and the CBP to provide the requested records in their entirety or make copies available to Plaintiff;

B. Provide for expeditious proceedings in this action;

C. Award Plaintiff his costs and reasonable attorneys' fees incurred in this action; and

D. Grant such other relief as the Court may deem just and proper.

DATED: June 14, 2013                           Respectfully submitted,

COHEN MILSTEIN SELLERS & TOLL, PLLC

/s/ Benjamin D. Brown
Benjamin D. Brown (D.C. Bar No. 495836)
Emmy Levens (D.C. Bar No. 997826)
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
Tel: 202-408-4600
bbrown@cohenmilstein.com
elevens@cohenmilstein.com

Gary L. Azorsky
Jeanne A. Markey
Casey M. Preston
COHEN MILSTEIN SELLERS & TOLL, PLLC
1717 Arch Street
Suite 3610
Philadelphia, PA 19103
Tel: 267-479-5700
gazorsky@cohenmilstein.com
jmarkey@cohenmilstein.com
cpreston@cohenmilstein.com

*Counsel for Plaintiff Walter Hekala*

6